IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACK A. CLARKE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   2:06-cv-00508-ID-DRB |
| | ) |
| CHARTER COMMUNICATIONS, INC. | ) |
| | ) |
|    Defendant. | ) |

## ANSWER TO COMPLAINT AND JURY DEMAND

COMES NOW defendant Charter Communications, LLC ("Charter"), misidentified as "Charter Communications, Inc." in the Complaint, and submits the following as its Answer to plaintiff's Complaint and Jury Demand:

1. Paragraph 1 of the Complaint and Jury Demand (the "Complaint") does not set forth allegations to which a response is required. To the extent the Court construes Paragraph 1 of the Complaint to set forth allegations requiring a response, those allegations are denied.

2. In response to Paragraph 2 of the Complaint, defendant denies that it violated the federal Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* or the Alabama Age Discrimination in Employment Act, *Ala. Code* § 25-1-20 *et seq.* and states that those statutes speak for themselves.

3. Defendant admits that the Court has subject matter jurisdiction over the claims alleged in the Complaint. Defendant states that 28 U.S.C. §§ 1331 and 1343(4) and 29 U.S.C. §§ 216(b), 626(b) and 626(c)(1), as well as 28 U.S.C. §§ 2201, 2202 and 28 U.S.C. § 1367 speak for themselves. Defendant denies the remaining allegations set forth in Paragraph 3 of the Complaint.

4. Defendant denies that it engaged in any unlawful employment practice in the Middle District of Alabama or elsewhere. Defendant further denies any remaining allegations set forth in Paragraph 4 of the Complaint.

5. Defendant admits that plaintiff is a citizen of the United States of America and that he was over the age of 40 years at all times during the term of his employment with defendant. Defendant lacks sufficient information to either admit or deny the remaining allegations set forth in Paragraph 5 of the Complaint; therefore, defendant denies those allegations.

6. Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant admits that it did business in Montgomery, Alabama during the time it employed plaintiff. Defendant denies any remaining allegations set forth in Paragraph 7 of the Complaint.

8. Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

9. Defendant admits that, during the term of plaintiff's employment, it employed more than twenty (20) people nationwide. In further response to the allegations set forth in Paragraph 9 of the Complaint, defendant states that 29 U.S.C. § 630(b) and *Ala. Code* § 25-1-20(2) speak for themselves. Defendant denies any remaining allegations set forth in Paragraph 9 of the Complaint.

10. Defendant admits the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant lacks sufficient information to either admit or deny that plaintiff received a Right-to-Sue letter from the EEOC dated March 10, 2006 and that the plaintiff filed the instant lawsuit within 90 days of his receipt of a Right-to-Sue letter; therefore, defendant

denies those allegations and any remaining allegations set forth in Paragraph 11 of the Complaint.

12. Defendant admits the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant admits that it hired plaintiff on July 1, 2001. Defendant lacks sufficient information to either admit or deny the remaining allegations set forth in Paragraph 13 of the Complaint; therefore, defendant denies those allegations.

14. Defendant admits that, at the time of his termination, plaintiff was the General Sales Manager of one of defendant's sales offices. Defendant further admits that the sales office is located in Montgomery, Alabama. Defendant denies any remaining allegations set forth in Paragraph 14 of the Complaint.

15. Defendant admits that plaintiff's job responsibilities included, but were not limited to, "establishing advertising sales objectives and procedures, managing advertising availability, overseeing the assignment of accounts and budgets for the sales department and supervising sales staff." Defendant denies any remaining allegations set forth in Paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 17 of the Complaint; therefore, defendant denies those allegations.

18. Defendant admits that plaintiff received a lifetime achievement award. Defendant denies that such award is the most prestigious award in the entire company. Defendant lacks sufficient information to either admit or deny the remaining allegations set forth in Paragraph 18 of the Complaint; therefore, defendant denies those allegations.

19. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 19 of the Complaint; therefore, defendant denies those allegations.

20. Defendant admits that at the time of plaintiff's discharge, Mike Kelley occupied the position of Vice President Advertising Sales Operations. Defendant denies the remaining allegations set forth in Paragraph 20 of the Complaint.

21. Defendant admits that Mike Kelly is younger than plaintiff. Defendant denies the remaining allegations set forth in Paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant admits that Mike Kelley did not allow some managers, one of whom was plaintiff, to attend one Cable Advertising Bureau conference in Chicago. Defendant denies any remaining allegations set forth in Paragraph 23 of the Complaint.

24. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 24 of the Complaint; therefore, defendant denies those allegations.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant admits that attending a Cable Advertising Bureau may present a networking opportunity to a General Sales Manager. Defendant denies that attending a Cable Advertising Bureau is necessary for General Sales Managers to "obtain important job-related information." Defendant denies any remaining allegations set forth in Paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 33 of the Complaint; therefore, defendant denies them.

34. Defendant admits that as of February, 2005, plaintiff's job performance did not warrant discharge and that defendant did not notify him otherwise. Defendant denies any remaining allegations set forth in Paragraph 34 of the Complaint.

35. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 35 of the Complaint; therefore, defendant denies those allegations.

36. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 36 of the Complaint; therefore, defendant denies them.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41. Defendant admits the allegations set forth in Paragraph 41 of the Complaint.

42. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 42 of the Complaint; therefore, defendant denies them.

43. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 43 of the Complaint; therefore, defendant denies them.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 46 of the Complaint; therefore, defendant denies them.

47. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 47 of the Complaint; therefore, defendant denies them.

48. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 48 of the Complaint; therefore, defendant denies them.

49. Defendant admits that plaintiff states that he sent an employee home. Defendant lacks sufficient information to either admit or deny the remaining allegations set forth in Paragraph 49 of the Complaint; therefore, defendant denies those allegations.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 51 of the Complaint; therefore, defendant denies them.

52. Defendant admits that a Human Resources employee notified plaintiff, on June 6, 2005, that Human Resources had been informed that plaintiff made a doctor's appointment for an employee without first notifying Human Resources. Defendant lacks sufficient information to either admit or deny the remaining allegations set forth in Paragraph 52 of the Complaint; therefore, defendant denies those allegations.

53. Defendant lacks sufficient information to either admit or deny the allegations set forth in Paragraph 53 of the Complaint; therefore, defendant denies them.

54. Defendant admits the allegations set forth in Paragraph 54 of the Complaint.

55. Defendant admits the allegations set forth in Paragraph 55 of the Complaint.

56. Defendant lacks sufficient information to either admit or deny that it did not consider administering progressive discipline; therefore, defendant denies that allegation. Defendant denies the remaining allegations set forth in Paragraph 56 of the Complaint.

57. Defendant denies that its policy required it to progressively counsel or warn plaintiff. Defendant admits the remaining allegations set forth in Paragraph 57 of the Complaint.

58. Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

59. Defendant denies the allegations set forth in Paragraph 59 of the Complaint.

60. Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61. Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

62. Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

63. Defendant denies the allegations set forth in Paragraph 63 of the Complaint.

64. In response to the allegations set forth in Paragraph 64 of the Complaint, defendant readopts each and every paragraph of this Answer as if fully set forth herein.

65. Defendant denies the allegations set forth in Paragraph 65 of the Complaint.

66. Defendant denies the allegations set forth in Paragraph 66 of the Complaint.

67. In response to the allegations set forth in Paragraph 67 of the Complaint, defendant readopts each and every paragraph of this Answer as if fully set forth herein.

68. Defendant denies the allegations set forth in Paragraph 68 of the Complaint.

69. Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

70. Defendant denies that plaintiff is entitled to any of the relief in this action, including without limitation, the relief requested in Paragraph 70 of the Complaint.

71. Defendant denies that plaintiff is entitled to a jury trial.

72.   Defendant denies each and every allegation of the Complaint that is not specifically admitted herein.

In further answer to plaintiff's Complaint, defendant says as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff failed to satisfy the administrative prerequisites to suit.

### THIRD DEFENSE

No causal connection exists between any of the challenged employment decisions and any alleged injury which plaintiff claims to have suffered.

### FOURTH DEFENSE

No causal connection exists between any of the challenged employment decisions and any alleged unlawful discriminatory motive.

### FIFTH DEFENSE

Plaintiff failed to file suit within 90 days of his receipt of an EEOC Notice of Suit Rights.

### SIXTH DEFENSE

Plaintiff's claims are barred to the extent that he did not file this lawsuit in accordance with applicable statutes of limitation.

### SEVENTH DEFENSE

Plaintiff's claims are barred or limited by application of the doctrines of *in pari delicto* and/or unclean hands.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## NINTH DEFENSE

Plaintiff is not entitled to punitive damages as a matter of law.

## TENTH DEFENSE

To the extent plaintiff claims punitive damages, such claims are unlawful in that this defendant has not consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to plaintiff, among other things.

## ELEVENTH DEFENSE

To the extent that plaintiff seeks punitive damages, he ought not recover them because, on their face and/or as applied, punitive damages violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, and various provisions of the Constitution of Alabama, including Article One, Section 6, on the following separate and several grounds and in one or more of the following respects:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts or wrongdoing which infringes the

        Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award that could be levied against this defendant, in violation of, *inter alia*, the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(d)     The procedures pursuant to which punitive damages are awarded result in the imposition of disparate penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

(e)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, thereby infringing the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment.

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

(g)     An award of punitive damages to the plaintiff in this case would constitute a deprivation of property without due process of law, in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

    (h)    The award of punitive damages would constitute an arbitrary and capricious taking of defendant's property that is not justified by any rational governmental purpose.

    (i)    The imposition of punitive damages would not be pursuant to any reasonable guidelines, standards, or limits and would be without the protections available to those exposed to criminal punishment in criminal proceedings.

    (j)    The imposition of punitive damages would constitute excessive punishment and would, therefore, be unlawful.

    (k)    There are no clear and consistent standards for appellate review of any award of punitive damages.

    (l)    The level of egregious conduct required for the imposition of punitive damages is vague and ambiguous.

## TWELFTH DEFENSE

Plaintiff is not entitled to compensatory damages as a matter of law.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to compensatory damages as a matter of law because any alleged mental distress and/or loss of income and benefits allegedly suffered by him was caused by occurrences other than conduct for which defendant may be liable, among other things.

## FOURTEENTH DEFENSE

Plaintiff's claims exceed the scope of the allegations set forth in his EEOC Charge.

## FIFTEENTH DEFENSE

To the extent plaintiff seeks redress for incidents occurring more than 180 days prior to the filing of his EEOC Charge, such claims are barred.

## SIXTEENTH DEFENSE

At all times relevant to this action, defendant maintained and enforced policies and procedures prohibiting discrimination based on age.

## SEVENTEENTH DEFENSE

Given that defendant, at all times relevant to this action, adhered to its policy prohibiting discrimination based upon age and that defendant did not maliciously, wantonly, recklessly, or intentionally violate such policies and practices, punitive damages are not allowable in this case.

## EIGHTEENTH DEFENSE

Plaintiff failed to mitigate his damages.

## NINETEENTH DEFENSE

The award of mental anguish damages in this case would violate the Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution because (a) there are no fixed standards for the ascertainment of such damages; (b) there is no reasonable limit the amount of an award; and (c) the standards for and measurement of mental anguish damages are unconstitutionally vague.

## TWENTIETH DEFENSE

The Court may not award damages for mental anguish and emotional distress to plaintiff absent expert medical testimony concerning the cause and existence of any emotional or mental injury.

## TWENTY-FIRST DEFENSE

Defendant's decision regarding the discharge of plaintiff was motivated by legitimate, non-discriminatory reasons unrelated to plaintiff's age.

## TWENTY-SECOND DEFENSE

Defendant's conduct toward plaintiff was at all times in good faith and was not willful, intentional or discriminatory.

## TWENTY-THIRD DEFENSE

Plaintiff was at all times an "at will" employee of defendant.

## TWENTY-FOURTH DEFENSE

Defendant reserves the right to amend the answer to state additional defenses, if facts are identified during discovery which would give rise to such defenses.

Respectfully submitted,

s/Gordon L. Blair
blai9454

David L. Warren, Jr. / warr7490
Gordon L. Blair / blai9454

Charter Communications, Inc.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203-2118
Ph: 205-328-1900
Fax: 205-328-6000
Email: gordon.blair@odnss.com
Email: david.warren@odnss.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that I have on June 29, 2006, electronically filed the foregoing *Answer to Complaint and Jury Demand* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Mark Wayne Sabel, Sr.
    Mark W. Sabel, Jr.
    Maricia Woodham
    Email: mwsabl@mindspring.com
    Email: mksabel@mindspring.com
    Email: mwoodham@sabellaw.com


    s/Gordon L. Blair
    blai9454

    Charter Communications, Inc.
    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC
    One Federal Place, Suite 1000
    1819 5th Avenue North
    Birmingham, Alabama 35203-2118
    Ph:  205-328-1900
    Fax: 205-328-6000
    Email: gordon.blair@odnss.com